UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.A., A.B., A.D., A.G., A.P., A.S., A.V., Al.C., Am.P., An.A., An.D., Ar.A., Ari.R., Arn.R., B.D., B.M., B.T., C.C., C.S., C.V., D.D.R., D.L., E.A., E.C., E.D.C., E.D.L., E.G., E.L., E.M., Ed.T., En.C., Er.T., F.B., F.S., F.T., G.A., G.D.L., G.G., G.O., G.S., G.T., H.V., I.E., J.A., J.B., J.C., J.D.C., J.F., J.J.G., J.L., J.N.B., J.O., J.P., J.S., J.T., Ji.T., Jo.B., L.G., L.L., L.N., L.P., L.V., M.A., M.D.L., M.G., M.R., M.S., N.C., P.C., R.A., R.B., R.B.E., R.C., R.D., R.E., R.F., R.I., R.L., R.N., R.P., R.S., R.T., R.V., Ra.D., Ra.G., Ra.L., Ra.V., Re.C., Re.D., Rh.P., Ri.C., Ri.O., Ro.D., Ro.L., Ro.P., Rod.O., Rog.B., Rol.P., Rom.B., Ron.O., S.N., T.L., V.A., V.B., V.M., and W.B.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>OMNICOM GROUP INC., PORTLAND PR INC., OGILVY GROUP, LLC, OGILVY PUBLIC RELATIONS WORLDWIDE LLC, and MEMAC OGILVY & MATHER LLC,<br><br>                    Defendants. | Case No.: 1:25-cv-03389 |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

A recent decision by a district court in the Eastern District of Wisconsin dismissing civil TVPRA claims further confirms that Plaintiffs' complaint in this case should be dismissed for at least three reasons. *See Xu Lun v. Milwaukee Elec. Tool Corp.*, No. 24-cv-0803-bhl, 2025 WL 3443536, at *1 (E.D. Wisc. Dec. 1, 2025) ("*Xu Lun*"), attached as Exhibit A.

*First*, *Xu Lun* held the plaintiff's civil TVPRA claims under 18 U.S.C. § 1595 failed as a matter of law because the statute's civil remedy provision does not apply extraterritorially. *See Xu Lun*, 2025 WL 3443536, at *7-15. The district court applied the presumption against extraterritoriality set out by the Supreme Court in *RJR Nabisco v. European Community*, 579 U.S. 325 (2016), and rejected each of the plaintiff's attempts to overcome that presumption. For starters,

it refused to adopt the same interpretation Plaintiffs advance here: That the express grant of "extraterritorial jurisdiction" over the TVPRA's substantive criminal provisions under 18 U.S.C. § 1596 applies to § 1595's civil remedy. *Id.* at *10-12; *see* Pls.' Opp., ECF 66 at 45-49. As the court explained, § 1596 nowhere mentions § 1595, and there is nothing "else in the statute suggesting Congress's intent to extend the TVPA's civil remedies to overseas conduct." *Xu Lun*, 2025 WL 3443536, at *10. The district court further rejected the argument that the TVPRA's purpose evinced a Congressional intent to apply § 1595 extraterritorially, concluding that nothing in either § 1595 or the TVPRA more broadly supports extraterritorial application of the civil remedy provision. *Id.* at *11-12. As Defendants have argued, Plaintiffs' TVPRA claims fail for the same reasons. *See* Defs.' Mem., ECF 55 at 47-50; Defs.' Reply, ECF 70 at 24-26.

Significantly, *Xu Lun* rejected the very cases Plaintiffs rely on in their briefing. *Xu Lun*, 2025 WL 3443536, at *13; *see* Pls.' Opp., ECF 66 at 45-49 (invoking *Roe v Howard*, 917 F.3d 229 (4th Cir. 2019) and *Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184 (5th Cir. 2017)). As the court properly reasoned, those opinions are inconsistent with the Supreme Court's instructions in *RJR Nabisco*. *Xu Lun*, 2025 WL 3443536, at *13. Instead, the court endorsed as "more persuasive" *Doe I v. Apple Inc.*, 2021 WL 5774224, at *1 (D.D.C. Nov. 2, 2021), *id.* at *14, a case on which Defendants have relied in their motion-to-dismiss briefing. *See* Defs.' Mem., ECF 55 at 47-50; Defs.' Reply, ECF 70 at 24-26.

***Second,*** *Xu Lun* determined the plaintiff failed to allege a domestic violation of the TVPRA because the "focus" of the relevant TVPRA criminal provision giving rise to the plaintiffs' claims was on forced labor, and all the alleged forced labor had occurred entirely overseas. *Xu Lun*, 2025 WL 3443536, at *14-15. So too here: Plaintiffs' TVPRA claims are based on alleged violations of § 1589 and § 1590. Those statutes' "focus" is on forced labor and labor trafficking, respectively.

And as in *Xu Lun*, all the alleged forced labor and labor trafficking in this case occurred abroad. *See* Compl., ECF 1 ¶¶ 189-294. Accordingly, *Xu Lun* also supports Defendants' argument that Plaintiffs have failed to allege domestic violations of the TVPRA. *See* Defs.' Mem., ECF 55 at 50; Defs.' Reply, ECF 70 at 24-26.

*Third*, *Xu Lun* concluded that the plaintiff had failed to allege facts supporting general or specific jurisdiction over one of the corporate defendants. Like here, the defendant's alleged contacts with Wisconsin (and with the United States more broadly) through one of its subsidiaries was insufficient to show personal jurisdiction under federal law, including under Federal Rule of Civil Procedure 4(k)(2). *See Xu Lun*, 2025 WL 3443536, at *2-6. *Xu Lun* therefore reinforces Defendants' argument that the alleged ties between Defendant Memac Ogilvy and other domestic corporate affiliates are insufficient to show that this Court has personal jurisdiction over Memac. Defs.' Mem., ECF 55 at 58-62; Defs.' Reply, ECF 70 at 27-29.

For these reasons, Defendants respectfully request that this Court grant Defendants' Motion to Dismiss. ECF 54.

Dated: December 19, 2025

**DAVIS+GILBERT LLP**

By: */s/ James R. Levine*
James R. Levine
Gregg A. Gilman
William S. Kukin
1675 Broadway
New York, New York 10019
(212) 468-4800
jlevine@dglaw.com
ggilman@dglaw.com
wkukin@dglaw.com

*Attorneys for Defendants Omnicom Group Inc. and Portland PR Inc.*

By: */s/ Steven P. Lehotsky*
Steven P. Lehotsky*
Mary Elizabeth Miller*
Lehotsky Keller Cohn LLP
200 Massachusetts Ave., NW
Washington, D.C. 20001
steve@lkcfirm.com
mary@lkcfirm.com

Mark M. Rothrock*
Lehotsky Keller Cohn LLP
8513 Caldbeck Drive
Raleigh, NC 27615
mark@lkcfirm.com

* Admitted *Pro hac vice*

*Attorneys for Defendants Ogilvy Group, LLC, Ogilvy Public Relations Worldwide LLC, and Memac Ogilvy & Mather LLC*