**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

A.A., A.B., A.D., A.G., A.P., A.S., A.V., Al.C., Am.P., An.A., An.D., Ar.A., Ari.R., Arn.R., B.D., B.M., B.T., C.C., C.S., C.V., D.D.R., D.L., E.A., E.C., E.D.C., E.D.L., E.G., E.L., E.M., Ed.T., En.C., Er.T., F.B., F.S., F.T., G.A., G.D.L., G.G., G.O., G.S., G.T., H.V., I.E., J.A., J.B., J.C., J.D.C., J.F., J.J.G., J.L., J.N.B., J.O., J.P., J.S., J.T., Ji.T., Jo.B., L.G., L.L., L.N., L.P., L.V., M.A., M.D.L., M.G., M.R., M.S., N.C., P.C., R.A., R.B., R.B.E., R.C., R.D., R.E., R.F., R.I., R.L., R.N., R.P., R.S., R.T., R.V., Ra.D., Ra.G., Ra.L., Ra.V., Re.C., Re.D., Rh.P., Ri.C., Ri.O., Ro.D., Ro.L., Ro.P., Rod.O., Rog.B., Rol.P., Rom.B., Ron.O., S.N., T.L., V.A., V.B., V.M., and W.B.,

Plaintiffs,

v.

PORTLAND PR INC., OGILVY GROUP, LLC, and OGILVY PUBLIC RELATIONS WORLDWIDE LLC,

Defendants.

Civil Action No. 1:25-cv-03389-JMF

**STIPULATED CONFIDENTIALITY AGREEMENT AND ~~[PROPOSED]~~ PROTECTIVE ORDER**

WHEREAS, the Plaintiffs identified by their initials in the above case caption (“Plaintiffs”) and Defendants Portland PR Inc., Ogilvy Group, LLC, and Ogilvy Public Relations Worldwide LLC (“Defendants”) (Plaintiffs and Defendants are collectively referred to herein as the “Parties” and each individually a “Party”) request that this Court issue a protective order pursuant to Federal

Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in the above-captioned action (the "Action");

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored protective order to govern discovery in this Action,

IT IS HEREBY STIPULATED AND AGREED as follows:

1. This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, information in any produced documents, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. This Protective Order shall apply to the Parties and to any non-Party providing information in this Action. All deadlines required by this Order shall be determined according to the method described in Federal Rule of Civil Procedure 6.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. As used in this Protective Order, "Protected Material" is defined as any document or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4. As used in this Protective Order, "Designating Party" is defined as a Party or non-Party that designates documents or information that it produces in disclosures or in responses to

discovery requests designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5. As used in this Protective Order, "Receiving Party" is defined as a Party or non-Party that receives documents or information produced in disclosures or in responses to discovery requests in this Action.

6. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-Party in connection with this Action only for prosecuting, defending, or attempting to settle the Action and shall not be used for any other purpose. Protected Material shall not be disclosed or used in connection with any other action absent agreement by the Designating Party or by court order.

7. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. No Party or counsel shall disseminate or publicize Protected Material, or the substance thereof, through any press release, social media post, media interview, public statement, or other public communication, except as expressly permitted by this Order or by leave of Court. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this Action.

8. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the privacy or business interests of the Designating Party, including but not limited to: medical information; private personnel information; other non-public information the disclosure of which would likely injure that party's business; information that is

subject to a contractual or other duty of confidentiality; or other proprietary information. With respect to disclosure in public court filings or to persons located in the Philippines, the names or other personally identifying information about the Plaintiffs in this Action shall also constitute CONFIDENTIAL information, pursuant to the Court's order on Plaintiffs' Motion to Proceed Anonymously, ECF No. 48.

9. CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL information") shall not, without the consent of the Designating Party or further Order of the Court, be disclosed except that such information may be disclosed to:

a. Attorneys actively working on the Action, including in-house and outside counsel for the Parties, and persons employed by said attorneys, including external document review providers located in the United States, whose assistance is required by said attorneys in the preparation for trial or at other proceedings in this Action;

b. Expert witnesses and consultants retained in connection with the Action to whom disclosure is reasonably necessary for litigation of the Action;

c. The Court and its employees ("Court Personnel") and—should this case proceed to a jury—the jury at trial in the Action;

d. Stenographic and video reporters who are engaged in proceedings;

e. eDiscovery vendors retained by or for the Parties to assist in preparing for pretrial discovery;

f. Other persons by written agreement of the Parties or as ordered by the Court.

10. Prior to disclosing any CONFIDENTIAL information to any person identified in sub-paragraph 9(b) (expert witnesses and consultants) or sub-paragraph 9(e) (eDiscovery vendors

retained by or for the Parties), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating they have read this Protective Order and agree to be bound by its provisions, in the form of Exhibit A attached hereto. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel. For the avoidance of doubt, the names or other personally identifying information of the Plaintiffs shall not be treated as CONFIDENTIAL information for purposes of disclosure to persons identified in sub-paragraphs 9(b) or 9(e) to the extent such persons are located outside of the Philippines.

11. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

12. In addition, any Party may affix to a document designated CONFIDENTIAL the further designation of "ATTORNEYS' EYES ONLY" if such documents contain trade secrets; proprietary business information; competitively sensitive information; or other confidential information that is of a similar highly sensitive or proprietary nature such that, if disclosed to individual Plaintiffs, Defendants (including their non-legal employees, designated representatives, and insurers), witnesses, or other third parties, or inadvertently disclosed by such recipient, is highly likely to cause significant harm to the business or competitive position of the Designating Party. Except for any person described in sub-paragraph 9(a), sub-paragraph 9(b), sub-paragraph 9(e), or with the prior consent of the Designating Party, documents designated CONFIDENTIAL – ATTORNEYS' EYES ONLY may not be disclosed to any individual Plaintiff, Defendant (including its non-legal employees, designated representatives, and insurers), witnesses, or other third parties. Prior to disclosing any CONFIDENTIAL – ATTORNEYS' EYES ONLY information

to any person identified in sub-paragraph 9(b) (expert witnesses and consultants) or sub-paragraph 9(e) (eDiscovery vendors retained by or for the Parties), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating they have read this Protective Order and agree to be bound by its provisions, in the form of Exhibit A attached hereto. For the avoidance of doubt, documents designated CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed to Defendants' in-house counsel assisting such counsel in the preparation of this Action.

13. Except as provided in paragraphs 9, 10, and 12, given the Court's partial stay pending Defendants' interlocutory appeal, ECF No. 106, the Parties agree not to disclose any of the opposing Party's CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information to any Plaintiff, Defendant, witnesses, or potential witnesses during the pendency of the stay and until the Court enters an order modifying this Order. If the appeal is denied, once the stay is lifted and discovery is to proceed, the Parties shall promptly meet and confer to determine the parameters for disclosure of CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY information to Plaintiffs, Defendants, witnesses, and potential witnesses. The parties shall promptly submit to the Court any proposed changes to this Order following the meet and confer.

14. To the extent any Party herein must include Protected Material of another Party or non-Party in materials transmitted electronically, the materials containing Protected Material shall only be transmitted by the Receiving Party via password-protected file or via secure file transfer protocol ("FTP") or similar secure large file transport service and in such a manner that such Protected Materials are also password-protected (such as via an encrypted zip file) prior to upload to the FTP or secure file transport service and the transmission is encrypted with at least 128-bit file encryption. At no time shall Protected Material be transmitted electronically in a manner in

which the materials are present in unencrypted form on any server in their "at rest" state, unless the transfer is within a law firm.

15. A Party may object to the designation of particular Protected Material by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for that objection. Counsel for the Designating Party or non-Party shall respond in writing to such objection within fifteen (15) days after such objection is received, and shall state with particularity the grounds for asserting that the document or information is CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating Party or non-Party makes a timely response to such objection, counsel shall then meet and confer in good faith in an effort to resolve the dispute. If the Parties cannot resolve the designation dispute within ten (10) days after the time the response is received, the objecting Party may follow S.D.N.Y. Local Civil Rule 37.2, as modified in section 3(D) of Judge Furman's individual rules, and file a letter-motion with the Court. The disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, as the case may be, under the terms of this Protective Order until the Court issues a ruling on the dispute. The Party challenging the designation of information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, as the case may be, shall bear the burden of establishing that the disputed information should not be treated as such. The use of Protected Material at trial shall be governed by a separate agreement or order.

16. Unless other arrangements are agreed upon in writing by the Parties, within sixty (60) days of the conclusion of this Action (including appeals, if any), each person or Party who has received Protected Material in connection with the Action shall be obligated to return such

information, including any copies, to the Designating Party, or the Receiving Party may elect to destroy such information, including any copies, and certify it has been destroyed. The Receiving Party, however, need not destroy or return any Protected Material information that it is required by law to maintain. With respect to any Protected Material shown or disclosed to any individual pursuant to sub-paragraphs 9(a)-(b), (d)-(f), except as permitted by paragraph 17, counsel of record shall certify to the Designating Party in writing within sixty (60) days of the conclusion of this Action, to the best of his or her knowledge, that (a) no copies of any Protected Material documents were retained by any such individual that received Protected Material, and (b) any notes taken by any such individual containing Protected Materials have been returned to counsel for the Designating Party or destroyed. Counsel who provided such Protected Materials to such individuals shall be responsible for submitting the required certification.

17. The Receiving Party's obligations in paragraph 16 shall not require the return or destruction of Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in back-end databases critical to application operability and system-generated temporary folders, (iii) archived data with limited end-user accessibility, or (iv) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Order until a Designating Party agrees otherwise in writing or a court order otherwise directs. Counsel of record for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports, communications, and attorney work product that contain or refer to Protected Material, provided that such counsel and employees of such counsel shall not disclose

such Protected Material to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. The termination of the Action shall not relieve any Party, non-Party, counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Protected Material pursuant to this Protective Order. The Court will retain jurisdiction of enforcing this Protective Order once the Action is closed.

18. Any request to restrict public access to materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Protective Order must comply with the Federal Rules of Civil Procedure, the S.D.N.Y. Local Rules, and Judge Furman's Individual Rules. The Parties are not authorized to file documents under seal absent an appropriate court finding. The Designating Party shall bear the burden of establishing that a document filed with the Court should be restricted.

19. In the event that a person subject to this Protective Order receives any subpoena, court order, or other process relating to Protected Material received pursuant to this Protective Order, such person shall give counsel for the Designating Party reasonable notice before furnishing or permitting inspection of such Protected Material to persons not subject to this Protective Order. Notice fourteen (14) days in advance of the return or response date for any such subpoena or process shall be deemed reasonable notice.

20. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Any Party or non-Party that inadvertently or unintentionally produces Protected Material with an incorrect designation may request destruction of that Protected Material by notifying the Receiving Party, as soon as reasonably possible after the Designating Party becomes aware of the

inadvertent or unintentional disclosure of undesignated information or items. Upon such timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order, and the Designating Party must promptly reproduce the information or items with the proper designation.

21. Any Receiving Party shall not reveal or discuss Protected Material to or with any person not entitled to receive such information under the terms of this Protective Order and shall use reasonable measures to store and maintain the information so as to prevent unauthorized disclosure.

22. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute Exhibit A immediately.

23. If a Receiving Party learns that it has been the victim of a cybersecurity breach incident, including but not limited to a personal account, system, or IT service provider being hacked or compromised, resulting in the exfiltration, exposure, or theft of Protected Materials, the Receiving Party shall notify the Designating Party in writing, as soon as practicable but in no event later than forty-eight (48) hours after the Receiving Party becomes aware of the exfiltration or theft. The notification shall include, to the extent known: (1) a description of the nature of the incident; (2) the date and time of the incident (or the best estimate if exact timing is unknown); (3) identification of the compromised Protected Materials; and (4) any steps taken by the Receiving

Party to investigate and mitigate the incident. The notification and any related communications shall themselves be treated as CONFIDENTIAL under the terms of this Protective Order and shall not be disclosed to any third party without the express written consent of the Designating Party, unless required by law. The Receiving Party shall cooperate with the Designating Party in investigating the incident and shall take reasonable steps to mitigate any potential harm caused by the breach, including but not limited to assisting in any investigation, litigation, or other actions taken by the Designating Party in connection with the incident. The notification of a hacking incident as provided herein shall not be construed as a waiver of any rights or remedies available to the Designating Party under this Protective Order or applicable law, including but not limited to, seeking injunctive relief or damages. Pursuant to Federal Rules of Evidence, Rule 502(d) and 502(e), notification of a breach incident impacting Protected Materials and the communications between a Receiving Party and Designating Party related to such an incident shall not waive attorney-client privilege or attorney work-product protections applicable to those communications or to the Receiving Party's investigation of the cybersecurity incident.

24. Extracts and summaries of Protected Material shall be treated as CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS' EYES ONLY in accordance with the provisions of this Protective Order.

25. The protection and procedures for inadvertent disclosure of privileged materials and privilege logs shall be governed by Federal Rule of Evidence 502(d) and 502(e) and the court's order regarding Protocol for Discovery of Electronically Stored Information and Other Materials.

26. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Entered October 29, 2026, New York, New York.

BY THE COURT:

The Honorable Jesse M. Furman
United States District Judge

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**APPROVED AS TO FORM:**

Dated: October 28, 2026

*/s/ Jason Murray*

Sean Grimsley (admitted *pro hac vice*)
Eric Olson (admitted *pro hac vice*)
Jason Murray (admitted *pro hac vice*)
Isabel Broer (admitted *pro hac vice*)
Meredith Wheeler (admitted *pro hac vice*)
Samara Hoose (pending *pro hac vice*)
Olson Grimsley Kawanabe Hinchcliff & Murray LLC
700 17th Street, Suite 1600
Denver, CO 80202
Telephone: (303) 535-9151
eolson@olsongrimsley.com
sgrimsley@olsongrimsley.com
jmurray@olsongrimsley.com
ibroer@olsongrimsley.com
mwheeler@olsongrimsley.com
shoose@olsongrimsley.com

Eli J. Kay Oliphant
Adam Joshua Goldstein
Sparacino PLLC
1920 L Street NW, Suite 835
Washington, D.C. 20036
Telephone: (202) 629-3530
eli.kay-oliphant@sparacinopllc.com
adam.goldstein@sparacinopllc.com

*Attorneys for Plaintiffs*

*/s/ James R. Levine*
James R. Levine
Gregg A. Gilman
William S. Kukin
Dana Z. Horowitz
Davis + Gilbert LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 468-4985
jlevine@dglaw.com
ggilman@dglaw.com
wkukin@dglaw.com
dhorowitz@dglaw.com

*Attorneys for Defendant Portland PR Inc.*

*/s/ Steven P. Lehotsky*
Steven P. Lehotsky*
Mary Elizabeth Miller*
Robert B. Dunteman*
Lehotsky Cohn LLP
200 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 365-2509
steve@lehotskycohn.com
mary@lehotskycohn.com
bobby@lehotskycohn.com

Mark M. Rothrock
Lehotsky Cohn LLP
8513 Caldbeck Drive
Raleigh, NC 27615
Telephone: (512) 693-8350
mark@lehotskycohn.com

* Admitted *Pro hac vice*

*Attorneys for Defendants Ogilvy Group, LLC, Ogilvy Public Relations Worldwide LLC.*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

A.A., A.B., A.D., A.G., A.P., A.S., A.V., Al.C., Am.P., An.A., An.D., Ar.A., Ari.R., Arn.R., B.D., B.M., B.T., C.C., C.S., C.V., D.D.R., D.L., E.A., E.C., E.D.C., E.D.L., E.G., E.L., E.M., Ed.T., En.C., Er.T., F.B., F.S., F.T., G.A., G.D.L., G.G., G.O., G.S., G.T., H.V., I.E., J.A., J.B., J.C., J.D.C., J.F., J.J.G., J.L., J.N.B., J.O., J.P., J.S., J.T., Ji.T., Jo.B., L.G., L.L., L.N., L.P., L.V., M.A., M.D.L., M.G., M.R., M.S., N.C., P.C., R.A., R.B., R.B.E., R.C., R.D., R.E., R.F., R.I., R.L., R.N., R.P., R.S., R.T., R.V., Ra.D., Ra.G., Ra.L., Ra.V., Re.C., Re.D., Rh.P., Ri.C., Ri.O., Ro.D., Ro.L., Ro.P., Rod.O., Rog.B., Rol.P., Rom.B., Ron.O., S.N., T.L., V.A., V.B., V.M., and W.B.,

Plaintiffs,

v.

PORTLAND PR INC., OGILVY GROUP, LLC, and OGILVY PUBLIC RELATIONS WORLDWIDE LLC,

Defendants.

Civil Action No. 1:25-cv-03389-JMF

---

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

I, ________________________, being duly sworn, state that:

1. My address is ____________________________________________________.

2. My present employer is ___________________________________ and the address of my present employment is __________________________________________.

3. My present occupation or job description is _________________________.

4. I have carefully read and understood the provisions of the Protective Order in this Action signed by the Court, and I will comply with all provisions of the Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material or any words, summaries, abstracts, or indices of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material disclosed to me.

6. I will limit use of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material disclosed to me solely for the purpose of this Action.

7. No later than sixty (60) days after the final conclusion of the Action, I will return all CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party for whom I was employed or retained or, if applicable, to counsel that provided the Protected Materials. Alternatively, at the direction of applicable counsel, I will destroy such Protected Material in my possession.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _________________________ ____________________________________
[NAME]